Argued March 1, affirmed March 19, 1973

THOME, *Petitioner, v.* JURAS, *Respondent.*

507 P2d 1154

*Stephen J. Smith,* Portland, argued the cause for petitioner. With him on the briefs were Buhlinger and Dressler, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Petitioner seeks judicial review of an order of the Public Welfare Division holding her liable for contribution under the Relatives' Responsibility Law (ORS 416.010 et seq.). This liability related to Old Age Assistance benefits made by the Division for the care of petitioner's mother in a nursing home during the period of July 1969 to December 1969. The extent of petitioner's liability was determined with reference to the schedule contained in ORS 416.061.

In 1962 petitioner's mother entered the nursing home where she still resides. Apparently at some time prior to June 1966 petitioner's mother, through her legal guardian, applied for public assistance to cover the deficit between her income and her medical and other needs. She received Old Age Assistance from the Division through June 1967. In July 1967 petitioner's mother became eligible for assistance under the federal Title XIX Medical Assistance Program. The benefits received by petitioner's mother under Title XIX were not subject to the Relatives' Responsibility

Law, and petitioner's liability for the earlier Old Age Assistance benefits is not at issue here.

A prerequisite of eligibility for Title XIX assistance is that the patient be classified as a "skilled nursing home patient," i.e., one who requires 24-hour-per-day professional care. On or about July 1, 1969, the doctor who was treating petitioner's mother determined that she no longer needed such constant care. Therefore, her support no longer came from Title XIX funds, but rather from Old Age Assistance benefits, and petitioner once again was liable under the Relatives' Responsibility Law. The present action was brought to compel petitioner to reimburse the Division for a portion of the sums expended on her mother's care between July 1, 1969 and December 31, 1969.

The hearing on petitioner's liability was originally scheduled for November 30, 1971. Because of petitioner's assertion of inadequate preparation, a continuance was granted to January 31, 1972. On January 31, 1972, petitioner appeared without counsel, although she was assisted by a member of the Portland Welfare Rights Organization. Friction developed over the proper role of the Welfare Rights Organization representative and the hearing was again postponed so that petitioner could seek legal counsel. On February 24, 1972, the hearing reconvened and petitioner was represented by an attorney from Multnomah County Legal Aid. At the request of petitioner's attorney, yet another postponement was granted and on April 24, 1972, the final instalment of the hearing was held. At this final hearing petitioner again appeared without counsel, having determined that she no longer needed an attorney.

The hearing officer concluded that petitioner

was liable under the Relatives' Responsibility Law for the sum of $426. On appeal petitioner assigns three errors: (1) that she was not allowed to inquire into the reclassification of her mother; (2) that the hearing officer erred in computing petitioner's liability with reference to the statutory scale (ORS 416.061); and (3) that petitioner's offers to care for her mother in petitioner's home should have been considered an available resource in determining whether her mother was a "needy person" eligible for public assistance.

■ The record[1] shows that the decision to change the classification of petitioner's mother was made by her treating physician. Contrary to petitioner's assertions, she had ample opportunity to challenge that decision by presenting medical testimony of her own or by calling the treating physician to testify. She did neither. Instead, she testified as to her observations of her mother's condition, and this testimony tended to confirm the physician's conclusion that around-the-

---

[1] These proceedings were apparently recorded on a disc-type electronic recorder. The transcript of the proceedings leaves much to be desired. On at least 29 occasions the transcriber wrote "(Inaudible)" apparently for a word or words which she was unable to hear and transcribe. Fortunately on none of these occasions does it appear that the missing word or words could have had any effect on the result in this case—even the instance when the appellant's attorney was objecting to Exhibit 1, the Department of Revenue's certificate of appellant's gross annual income, where he said,

"* * * So for the record, I would object to it." and the transcript then discloses:

"HEARING REFEREE: Your objection is (Inaudible)."

It is the duty of the agency to make a proper record. ORS 183.415, 416.145. This court has now reviewed many administrative agency appeals which have been recorded electronically and transcribed apparently without auditory problems. Another time, the "(Inaudible)" portions might be crucial, in which case the presumption would be against the agency charged with providing the record.

clock care was not needed. There is no merit to this assignment of error.

■ The second assignment, the question of petitioner's ability to pay, is one of fact. It appears from the record that petitioner's 1969 income was correctly ascertained and that the statutory schedule was correctly applied. On such questions this court does not substitute its judgment for that of the administrative agency. ORS 183.480 (6).

■ The final assignment of error relates to petitioner's offer to care for her mother in petitioner's home. The cases which have addressed themselves to the issue hold that a mere offer of assistance does not discharge the responsible relative's obligation to contribute to the public assistance granted. *County of Los Angeles v. La Fuente,* 20 Cal 2d 870, 129 P2d 378, *cert denied* 317 US 698 (1942); *Monmouth Co. Welfare Bd. v. Coward,* 86 NJ Super 253, 206 A 2d 610 (1964). We have been directed to no case which supports petitioner's position.

The hearing officer concluded, pursuant to ORS 416.130, that the evidence

"* * * does not disclose sufficient reason why * * * the relative should not be held responsible in accordance with the contribution scale in ORS 416.061 * * *."

We agree.

The order of the Public Welfare Division is affirmed, and pursuant to ORS 416.145, it is ordered that $426 is due.