Submitted on record and briefs July 24, affirmed September 4, 1973

SMITH, *Petitioner, v.* JURAS, *Respondent.*

513 P2d 824

Stephen R. Blixseth, and Gildea, Speer & McGavic, P.C., Eugene, for petitioner.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Petitioner seeks judicial review of a decision of the hearing officer for the Public Welfare Division holding him liable for a contribution to the support of his needy father under the Relatives' Responsibility Law. ORS 416.010 et seq. The hearing officer held petitioner liable, but reduced his total liability from $552 to $384, pursuant to ORS 416.050.

Petitioner alleges that the hearing officer erred in not relieving him entirely under ORS 416.050 and refusing to find that petitioner's father was not a "needy person" within the meaning of ORS 416.010 et seq. Petitioner does not challenge the hearing officer's findings of fact, only his conclusions based thereon.

The evidence at the hearing established that the petitioner is the adult son of Wallis Smith, who received public assistance in the sum of $1,994.94 during the year 1970. Petitioner is married, and at the time of the hearing his wife was expecting a baby (due May 1973). Petitioner's 1970 gross annual income, for the purposes of the Relatives' Contribution Scale, ORS 416.061, was $8,167.

Petitioner's testimony indicates that in 1958, petitioner's parents sold their farm and bought a house with the proceeds. This house is occupied by peti-

tioner's mother; his father, the recipient, lives in a nursing home.

The Public Welfare Division assessed petitioner's monthly liability at $46, based on the scale in ORS 416.061. The hearing officer, pursuant to ORS 416.050, reduced petitioner's total liability by $168. This reduction was based on evidence of petitioner's reduced take-home pay and the imminent arrival of the baby (an additional dependent).

Petitioner contends that his father is not a "needy person" in that the 1958 farm sale produced income from which the state could draw contribution toward the assistance given in 1970. The proceeds of the farm sale were used to buy the house occupied by petitioner's mother, the wife of Wallis Smith (recipient).

■ We cannot agree with this argument. ORS 416.-070 provides that a grant of assistance is prima facie evidence of need. The record does not reveal any income from the realty in 1970, or other evidence, which could rebut the presumption of need contained in ORS 416.070. We cannot say that the determination of the hearing officer is not "* * * supported by reliable, probative and substantial evidence in the whole record." ORS 183.480 (7)(d).

■ ■ The question of petitioner's ability to pay is one of fact. *Thome v. Juras,* 12 Or App 501, 505, 507 P2d 1154 (1973). Under ORS 416.050 the hearing officer has the discretion to reduce petitioner's contribution. *Mallatt v. Luihn et al,* 206 Or 678, 692, 294 P2d 871 (1956). In the absence of some compelling reason, the proper guide for the exercise of that discretion ought to be the scale contained in ORS 416.061.

■ In the present case, using the scale in ORS

416.061 as a guide, the hearing officer reduced petitioner's liability to $384 (or $32 per month). He stated that he based his reduction on the imminent arrival of the new baby and evidence of a reduction in petitioner's income. The record does not reveal any compelling reason not to use the scale as a guide in this case. Therefore, the hearing officer did not abuse his discretion. Since there is no argument that petitioner's income was not correctly ascertained, we may not interfere with the agency's determination that petitioner is liable for a contribution. ORS 183.480 (6). *Thome v. Juras,* supra.

Affirmed.