Submitted on record and briefs December 11, affirmed
December 23, 1974

REED, *Petitioner, v.* PUBLIC WELFARE
DIVISION, *Respondent.*
529 P2d 941

Alice M. Plymell, Eugene, for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

Petitioner appeals from an order of the Public Welfare Division finding him liable under the Relatives' Responsibility Law, ORS ch 416, for public assistance payments made to his mother during the years 1971, 1972 and 1973. He contends on appeal (1) the times which elapsed between the accrual of the liability for each year and the demands upon him for payment were so great as to constitute a violation of due process, and (2) the Welfare Division erred in failing to grant petitioner relief under ORS 416.050 (2), which states:

> "In determining the ability to contribute, the division may consider the financial circumstances of the relative and, in unusual cases, may permit a contribution of less than the amount fixed in the relatives' contribution scale."

■ Petitioner was notified by the Welfare Division in August 1973 that he owed $405 for payments made to his mother during 1971. He demanded and received a hearing under ORS 416.120. Being dissatisfied with the resulting order, which affirmed the Welfare Division's determination, he sought judicial review in this

court under ORS 416.145. Before the appeal was argued to this court, petitioner moved for an order of remand for the taking of additional evidence concerning his liability for the years 1972 and 1973, the Welfare Division having notified petitioner on May 20, 1974 that he was liable for an additional $916 for the year 1972 and the first quarter of 1973. This court allowed the motion to remand. A second hearing was held on August 23, 1974, as a result of which an order was entered affirming the determinations of the Welfare Division as to the amounts owed by petitioner for public assistance payments made to his mother during the years 1971, 1972 and 1973. This is the order before us.

Each of the two notices petitioner received demanding payment were within the time required by statute. ORS 416.110 provides:

"(1) Any action or proceeding by the Public Welfare Division as provided in ORS 416.100 to 416.130 for the enforcement of any claims arising after January 1, 1959, shall be commenced within three years from the first day of the month during which the public assistance sought to be recovered by the division was paid to the needy person, and any warrant issued by the division for the enforcement of a final decision of the division shall be filed within one year from the date upon which such decision is rendered, or within one year from the date the circuit or Supreme Court decides an appeal from such decision.

"(2) A proceeding commenced under ORS 416.-120 and 416.130 shall be deemed to commence when the notice required by ORS 416.120 is delivered to the relative."

The statutory scheme contained in ORS ch 416 has been held constitutional. *Mallatt v. Luihn,* 206 Or 678,

294 P2d 871 (1956). Petitioner's first contention has no merit.

■ At all relevant times petitioner had a wife and two children. whom he supported. Petitioner and his wife testified that they had difficulty living within petitioner's income but did not testify as to any unusual or exceptional expenses. His tax returns for the years in question showed:

| Year | Total Income | Adjusted Gross Income |
|------|--------------|----------------------|
| 1971 | $13,681 | $11,706 |
| 1972 | 19,322 | 17,656 |
| 1973 | 20,789 | 17,282 |

The payments petitioner was ordered to make were in compliance with the statutory schedule of payments contained in ORS 416.061. We find nothing in the record to support petitioner's contention that the Welfare Division abused the discretion granted to it under ORS 416.050(2), supra. *Smith v. Juras,* 14 Or App 442, 513 P2d 824 (1973).

Affirmed.