Submitted on record and briefs April 14,
affirmed May 5, 1975

McDONALD, *Petitioner, v.* PUBLIC WELFARE
DIVISION, *Respondent.*

534 P2d 1158

Del Parks, Klamath Falls, for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Petitioner appeals from an order of the Public Welfare Division finding him liable under the Relatives' Responsibility Law, ORS ch 416, for public assistance payments made to his mother during 1971. His liability had been determined to be $468 under a scale set forth in ORS 416.061. Petitioner's objections to the imposition of this obligation were heard. The hearings referee found that while petitioner's support of two grandchildren did not entitle him to claim them as additional dependents for the purpose of computing his liability such support would be considered as "an equity in his favor"; and, exercising the discretion granted to the Division under ORS 416.050,[1] the petitioner's liability was then reduced to $384.

Petitioner challenges the exclusion of his grandchildren as "dependents" within the meaning of the Relatives' Responsibility Law as a decision unsupported by reliable and substantial evidence.

For purposes of ORS 416.010 to 416.260 the legislature has specifically defined "dependent" as any person in addition to a spouse:

"(a) Whom the relative has a legal obligation to support;

"(b) Who received his chief support from the relative during the preceding calendar year;

"(c) Who is under 18 years of age * * *; *and*

"(d) Who is under 18 years of age and whose

---

[1] "In determining the ability to contribute, the division may consider the financial circumstances of the relative and, in unusual cases, may permit a contribution of less than the amount fixed in the relatives' contribution scale." ORS 416.050(2).

gross income for the preceding calendar year was $600 or less * * *." (Emphasis supplied.) ORS 416.010(1).

■■ These requirements are stated conjunctively; hence, a supported person must meet each in order to qualify as a "dependent." It is evident, therefore, that where a "relative"[2] voluntarily supports a child for whom he/she is not legally responsible,[3] that child may not be counted as a dependent in the computation of one's liability under the law.

Petitioner testified, with respect to the legal relationship between himself and his grandchildren, that it was an informal custody only, not based on formal proceedings.

■ Because petitioner's support of his grandchildren —admirable as it may be—was not compelled by any legal obligation, those children were not his dependents for purposes of the Relatives' Responsibility Law. The statute is without ambiguity, the Division's decision is both lawful in substance and supported by substantial evidence. Further, we cannot say that the referee acted beyond bounds of discretion in reducing petitioner's contribution by less than that sought.[4]

Pursuant to ORS 416.145 it is ordered that $384 is due.

Affirmed.

---

[2] " 'Relative' or 'relatives' mean the living husband, wife, father, mother, son or daughter 21 years of age or over of an applicant for or a recipient of public assistance." ORS 416.010(4).

[3] "*Parents* are bound to maintain their *children* who are poor and unable to work to maintain themselves; and children are bound to maintain their parents in like circumstances." (Emphasis supplied.) ORS 109.010.

[4] *See* Smith v. Juras, 14 Or App 442, 513 P2d 824 (1973).